UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

YOGESH SHAH,

      **Plaintiff,**

      v.                                          Case No. 07-C-540

**BOYLE, BOYLE & PAULUS, S.C.,**
f/k/a BOYLE, BOYLE & SMITH, S.C.
and JONATHAN C. SMITH, Attorney
at Law,

      **Defendants,**

## DECISION AND ORDER

Plaintiff Yogesh Shah, who is incarcerated at the Federal Correctional Institution in Milan, Michigan, lodged a pro se legal malpractice action against the defendants and submitted a motion for leave to proceed in forma pauperis. Plaintiff asserts that the court has original jurisdiction over the action pursuant to 28 U.S.C. §1332, which provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -
>
> (1) citizens of different states

The court has an independent obligation to ensure that jurisdiction exists. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Thomas v. Guardsmark, LLC, 487 F.3d 531, 533 (7th Cir. 2007). Plaintiff's complaint does not allege the existence of jurisdiction. First, it alleges that plaintiff, a prisoner, is "an inmate at the Federal Correctional Institution in Milan, Michigan." (Compl. ¶ 2.) However, plaintiff's place of incarceration is not controlling in

determining his citizenship. Plaintiff is presumptively a citizen of the state in which he lived before incarceration and will only be considered a citizen of the state of incarceration if he demonstrates an intent to live there after his release. Bontkowski v. Smith, 305 F.3d 757, 763 (7th Cir. 2002); Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). The complaint contains no such allegations upon which the court can determine plaintiff's citizenship for purposes of ensuring diversity of citizenship between the opposing parties.

Second, the complaint alleges that Boyle, Boyle & Paulus, S.C. f/k/a Boyle, Boyle & Smith, S.C., "is a Law Firm whose last known address was 2051 W. Wisconsin Avenue, Milwaukee, Wisconsin 53233" and that its principal place of business "is in the State of Wisconsin." (Compl. ¶ 3.) Yet, the citizenship of a service corporation, like a regular business corporation, is determined by the place of its incorporation and the location of its principal place of business. See Saecker v. Thorie, 234 F.3d 1010, 1011-1012 (7th Cir. 2000); Cote v. Wadel, 796 F.2d 981, 983 (7th Cir. 1986). Here, the complaint contains no allegations regarding the law firm's place of incorporation.

Finally, with respect to defendant Jonathan C. Smith, the complaint alleges that he "is an Attorney with Kohn & Smith Law offices whose last known address was 110 N. Old World Third Street, Milwaukee, Wisconsin 53203." (Compl. ¶ 4.) However, Mr. Smith's place of employment is not germane for purposes of determining his citizenship. Rather, an individual's citizenship is determined by the person's domicile. Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991). To be domiciled in a state, an individual must reside in that state and intend to maintain residence there indefinitely. Perry v. Pogemiller, 16 F.3d 138, 140 (7th Cir. 1993). The complaint does not allege any facts regarding Mr.

2

Smith's state of domicile, and therefore it fails to allege the existence of jurisdiction under section 1332(a)(1).

While the case may be subject to dismissal on these grounds, Thomas v. Guardsmark, LLC, 487 F.3d at 534, the court will instead afford the pro se plaintiff twenty days from the date of this order within which to file an amended complaint curing the defects with respect to the allegations concerning jurisdiction under 28 U.S.C. § 1332. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The plaintiff is advised that the amended complaint supercedes the prior complaints and the amended complaint must be complete in itself without reference to the prior complaint. Accordingly, any matters not set forth in the amended complaint are, in effect, withdrawn. See Duda v. Bd. of Educ. Of Franklin Park Pub. Sch. Dist. No. 84, 133 F.3d 1054, 1057 (7th Cir. 1998).

In the event that plaintiff fails to file an amended complaint within the applicable time period, the case will be dismissed for lack of subject matter jurisdiction. Moreover, if plaintiff determines that diversity of citizenship is lacking and he wishes to withdraw his complaint, he must notify the court in writing, within twenty days from the date of this order, that he does not wish to continue prosecuting his action in this court. If the court receives such notification, the case will be dismissed, without prejudice, and the initial partial filing fee of $20.32 will be refunded to the plaintiff.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff shall file an amended complaint, within twenty days from the date of this order, as set forth herein.

Dated at Milwaukee, Wisconsin, this 15 day of October, 2007.

/s_____
LYNN ADELMAN
District Judge