# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**YOGESH SHAH,**

        **Plaintiff,**

        **v.**                                      **Case No. 07-C-540**

**BOYLE, BOYLE & PAULUS, S.C.,**
**f/k/a BOYLE, BOYLE & SMITH, S.C.**
**and JONATHAN C. SMITH, Attorney**
**at Law,**

        **Defendants.**

---

## DECISION AND ORDER

Plaintiff Yogesh Shah, who is presently incarcerated at the Federal Medical Center in Butner, North Carolina, lodged a pro se legal malpractice action against the defendants and submitted a motion for leave to proceed in forma pauperis. In addition plaintiff has filed a "Request to Have the U.S. Marshalls [sic] Serve the Defendants, the Amended Complaint."

Plaintiff asserts that the court has original jurisdiction over the action pursuant to 28 U.S.C. §1332, which provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -
>
> (1) citizens of different states;
>
> (2) citizens of a State and citizens or subjects of a foreign state;

I have an independent obligation to ensure that jurisdiction exists. Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006); Thomas v. Guardsmark, LLC, 487 F.3d 531, 533 (7th Cir. 2007). By order of October 15, 2007, I determined that plaintiff's complaint did not allege the existence of jurisdiction as it did not contain any allegations upon which I could determine the citizenship of the parties for purposes of ensuring diversity between them. As a result, I directed plaintiff to file an amended complaint curing the defects with respect to the allegations concerning jurisdiction under 28 U.S.C. § 1332. Plaintiff filed an amended complaint on December 3, 2007, which is now the operative complaint.

## I. DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

Plaintiff's amended complaint sufficiently alleges the existence of jurisdiction. First, plaintiff states that although he is a prisoner presently confined at the Federal Medical Center in Butner, North Carolina, he is in fact a citizen of India – a foreign state – and is "subject to deportation and/or removal upon completion of his sentence" and "intends to reside in India upon release from prison." (Am. Compl. ¶ 1.) See Bontkowski v. Smith, 305 F.3d 757, 763 (7th Cir. 2002) (a prisoner is a citizen of the state in which he lived before incarceration or the place he intends to live after his release); Singletary v. Cont'l Ill. Nat'l Bank & Trust Co., 9 F.3d 1236, 1238 (7th Cir. 1993).

Second, the complaint alleges that Boyle, Boyle & Paulus, S.C. f/k/a Boyle, Boyle & Smith, S.C., is a law firm with its "primary place of business in the State of Wisconsin and is alleged to be incorporated within the State of Wisconsin." (Am. Compl. ¶ 2.) The citizenship of a service corporation, like a regular business corporation, is determined by the place of its incorporation and the location of its principal place of business. See Saecker v. Thorie, 234 F.3d 1010, 1011-1012 (7th Cir. 2000); Cote v. Wadel, 796 F.2d 981, 983 (7th

2

Cir. 1986).  Thus, the complaint contains allegations indicating that the law firm is a citizen of the State of Wisconsin.

Finally, with respect to defendant Jonathan C. Smith, the amended complaint provides that he "is a citizen of the State of Wisconsin" and his primary work address is "110 N. Old World Third St., Milwaukee, Wisconsin 53203." (Am. Compl. ¶ 3.)  Thus, it appears from plaintiff's allegations that this action is one between citizens of the State of Wisconsin and a citizen of a foreign state.   Moreover, because each of plaintiff's five claims for relief seek monetary compensation in amounts over $1,000,000, it appears that the amount in controversy exceeds the sum of $75,000.  As a result, at this stage of the proceedings, I find that diversity jurisdiction under 28 U.S.C. § 1332 has been properly alleged in the complaint.

## II.  PLAINTIFF'S REQUEST FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. § 1915(b)(1).  If a prisoner does not have the money to pay the filing fee, he can request leave to proceed in forma pauperis.  To proceed with an action in forma pauperis, the prisoner must complete a petition and affidavit to proceed in forma pauperis and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months.  The court then assesses and, when funds exist, collects from plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In accordance with my order of July 9, 2007, plaintiff has paid the initial partial filing fee of $20.32.  Hence, he will be permitted to proceed in forma pauperis.  Plaintiff's $329.68 balance will be collected as set forth below.

3

## II. SCREENING

I am authorized to screen complaints filed by all litigants proceeding in forma pauperis, whether they be prisoners or non-prisoners, pursuant to 28 U.S.C. § 1915(e)(2). I may screen the complaint prior to service on the defendants and must dismiss the case if it is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989). I may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, I must accept as true all of the factual allegations contained in the complaint. Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for pro se prisoner civil rights complaints, Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004), and I am obliged to give a plaintiff's pro se allegations, however inartfully pleaded, a liberal construction, see Erickson, 127 S. Ct. at 2200 (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Of

course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Id. at 970.

Plaintiff's verified amended complaint charges legal malpractice, breach of contract, fraud, negligence and intentional infliction of emotional distress, all in violation of Wisconsin law, stemming from defendants' improper handling of his criminal appeal. Specifically, the amended complaint alleges the following. In 2002, plaintiff retained defendants–the law firm of Boyle, Boyle & Paulus, S.C. [BBP] and Attorney Smith–to represent him in perfecting an appeal of his federal conviction and sentence to the Court of Appeals for the Seventh Circuit.[1] Defendants made representations to him that they would

> research, prepare, and file his appeal brief as well as represent him in all matters including oral arguments and take all necessary steps to ensure that the best possible brief would be filed by reviewing all documents and transcripts of the case and conducting all necessary research.

(Am. Compl. ¶ 9.) Nevertheless, defendants did not order any of the trial transcripts and, when questioned about the transcripts by plaintiff, defendant Smith lied about having ordered them. As the deadline for filing his appellate brief approached, defendant Smith advised plaintiff to withdraw his appeal based on knowingly false representations that plaintiff would be able to "reinstate the appeal at a later time." (Am. Compl. ¶ 13.) Based on defendant Smith's misrepresentations, plaintiff withdrew his appeal on November 18, 2002. Thereafter, plaintiff discovered defendants' "deception" and moved to reinstate the appeal, but his requests were denied. (Am. Compl. ¶ 19.)

---

[1] A previous action filed by plaintiff under 28 U.S.C. § 2255 reveals that plaintiff was found guilty of bank and wire fraud, and inducing a person to travel in interstate commerce in execution of a scheme to defraud. Shah v. United States, Case Number 03-C-1266 (E.D. Wis. July 28, 2006) (Docket #85).

5

Plaintiff subsequently commenced a federal post-conviction proceeding under 28 U.S.C. § 2255 in this court asserting ineffective assistance of counsel on the part of defendants. By order of July 28, 2006, I found that defendants had, in fact, violated plaintiff's Sixth Amendment right to the effective assistance of counsel and reinstated plaintiff's appeal rights. Shah v. United States, Case Number 03-C-1266 (E.D. Wis. July 28, 2006) (Docket #85).[2]

Although plaintiff sets forth five separate "claims for relief," such claims actually boil down to one–that had it not been for defendants' misrepresentations, and thus their failure to meet the minimum professional standards, plaintiff would have pursued his appeal in a timely manner. This is a negligence/legal malpractice claim. Under Wisconsin law, liability in a legal malpractice action when the plaintiff is a criminal defendant cannot be imposed unless the plaintiff "'can establish [that he was innocent] of the charges of which he was convicted.'" Tallmadge v. Boyle, 300 Wis. 2d 510, 524 (Wis. Ct. App. 2007) (quoting Hicks v. Nunnery, 253 Wis. 2d 721, 747 (Wis. Ct. App. 2002)). The "actual innocence" requirement applies equally to cases involving criminal defense attorneys hired for trial and those hired to represent criminal defendants on appeal. Tallmadge, 300 Wis. 2d at 525.

The public policy considerations underlying the "actual innocence" requirement include the following:

> (1) Permitting a convicted criminal to recover in a legal malpractice action against former defense counsel would result in the criminal being indirectly rewarded for his crimes.

---

[2] At present, plaintiff's appeal from his criminal conviction remains pending in the Court of Appeals for the Seventh Circuit. United States v. Shah, Case No. 07-1306.

(2) Permitting a convicted criminal to pursue a legal malpractice claim without requiring proof of innocence would . . . shock the public conscience, engender disrespect for courts and generally discredit the administration of justice.

(3) Allowing guilty plaintiffs to recover in a civil suit against their former criminal defense attorneys shifts the responsibility for the criminal act away from the convict, who would not be in jail had he not broken the law.

(4) A guilty criminal does not have a right to liberty, and thus should not benefit from tort law.

(5) The constitutional safeguards of the criminal justice system provide proper relief and should not give rise to civil liability.

(6) Wrongfully convicted defendants have other remedies to redress any wrongs.

Id. at 525-26 (internal citations omitted).  This last consideration is particularly germane in this case, given that plaintiff successfully used the post-conviction remedy available under 28 U.S.C. § 2255 to establish that his appellate counsel was ineffective and was thus able to get his original judgment vacated, a new judgment entered and a new period in which to file an appeal.  Shah v. United States, Case Number 03-C-1266 (E.D. Wis. July 28, 2006) (Docket #85).  As explained by the Court of Appeals for the Seventh Circuit, "[s]ince a criminal defendant . . . has a good remedy for his lawyer's malpractice [an ineffective assistance of counsel claim] . . . he has less need for a damages remedy than the loser of a civil lawsuit, who would have no chance of getting the judgment in the suit set aside just because his lawyer had booted a good claim or defense."  Winniczek v. Nagelberg, 394 F.3d 505, 508 (7th Cir. 2005).

In the instant case, plaintiff does not maintain that he is innocent of the crimes for which he was convicted, nor has his conviction ever been set aside or reversed.  Further, plaintiff does not claim that he was injured because he would have won his appeal or been

7

set free if the appeal had been filed in a timely manner. Rather, his asserted injury is that he was "delayed over 54 months in having his appeal filed and heard" and because "[d]uring this entire 54 month time period, [he] has been in limbo about whether he would ever get an appellate review . . . ." (Am. Compl. ¶¶ 22-23.) In other words, plaintiff is not claiming that, but for defendants' negligence, he would have been exonerated; rather, he is merely claiming that, but for defendants' negligence, he would have had quicker appellate review. However, under Wisconsin law, this is not a recoverable injury in a legal malpractice action by a criminal defendant. See Tallmadge, 300 Wis. 2d at 524-25 ("[W]here a criminally convicted defendant files a legal malpractice lawsuit, the injury is different than in non-criminal settings. In order to prove causation, the convicted criminal must show that, but for his former attorney's conduct, he would have been successful in the criminal lawsuit."). Hence, plaintiff's allegations fail to state a legal malpractice claim in view of the actual innocence requirement under Wisconsin law.

Plaintiff's remaining claims for fraud, intentional infliction of emotional distress and breach of contract are deficient for the same reasons. The fact that plaintiff puts different titles on his overriding legal malpractice claim does not change the nature of that claim. These claims–regardless of the title given them by plaintiff–are about defendants' failure to exercise competence and due care in perfecting plaintiff's appeal and thus, they implicate the public policy considerations identified by the Wisconsin courts with respect to legal malpractice suits.[3] See, e.g., Lynch v. Warwick, 115 Cal. Rptr. 2d 391, 395-96 (Cal. Ct. App.

---

[3] Unlike a breach of contract claim involving a fee dispute or unlawful billing practices, which is not barred by the actual innocence requirement, plaintiff's breach of contract claim centers on defendants' negligent representation. Cf., Winniczek, 394 F.3d at 509 (recovery of an overcharge via a breach of contract claim against one's defense counsel is not barred

Case 2:07-cv-00540-LA   Filed 01/31/08   Page 8 of 10   Document 14

2002) (discussing rationale for applying actual innocence requirement to breach of contract action premised on defendant's negligent representation). For all of these reasons, plaintiff's action will be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

Therefore,

IT IS ORDERED that plaintiff's request to proceed in forma pauperis (Docket #2) is GRANTED.

IT IS FURTHER ORDERED that this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS FURTHER ORDERED that plaintiff's "Request to Have the U.S. Marshalls [sic] Serve the Defendants, the Amended Complaint" (Docket #13) is DISMISSED as moot.

IT IS FURTHER ORDERED that the Warden of the Federal Medical Center or his designee shall collect from plaintiff's prison trust account the $329.68 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that the Clerk of Court enter judgment accordingly.

IT IS ALSO ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney

---

by the actual innocence rule as such claim does not involve the same issues as those asserted in the legal malpractice claim).

General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

I **FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 30 day of January, 2008.

_____
LYNN ADELMAN
District Judge

10